# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### MONTGOMERY DIVISION

IN RE:

      ARTHUR T FLOWERS, JR.               CASE NO. 2:07-CV-00971-MHT
      Debtor,

                                         JUDGE MYRON H THOMPSON


FIA CARD SERVICES, N.A
      Plaintiff-Appellant

      Vs.

ARTHUR T FLOWERS, JR.
      Defendant-Appellee


## BRIEF OF DEFENDANT-APPELLANT FIA CARD SERVICES, N.A.

      Appeal from the United States Bankruptcy Court
for the Middle District of Alabama
    Case No. 06-31560
    Adversary Proceeding Number 07-03009


                Barry A Friedman
                Barry Friedman & Associates
                Attorney for Appellant FIA Card Services, N.A.
                257 St. Anthony Street
                Mobile, Alabama 36652
                (251) 432-2660
                bky@bafmobile.com

## TABLE OF CONTENTS

| | PAGE |
|---|---|
| Table of Cases | i-iii |
| Statement of Jurisdiction | iv. |
| Issues Presented: | v. |
| Standard for Appellate Review | vi-vii |
| Statement of the Case | viii |
| Statement of Facts | ix-x. |
| Argument | 1-11 |
| DID THE TRIAL COURT ERR IN FINDING THAT "SUBJECTIVE INTENT" IS NOT A QUESTION OF FACT? | 1-2 |
| DID THE TRIAL COURT ERR IN FINDING THAT THE FILING OF THE ADVERSARY PROCEEDING WAS NOT SUBSTANTIALLY JUSTIFIED? | 2-8 |
| DID THE TRIAL COURT APPLY THE WRONG STANDARD FOR JUSTIFIABLE RELIANCE? | 8 |
| DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT? | 8-11 |
| Conclusion | 11 |
| Certificate of Service | 12 |

## TABLE OF CASES

*Alabama Great So. R.R. v. Louisville & Nashville R.R.,*     2
224 F.2d 1, (5th Cir 1955)

*Anderson v. Liberty Lobby, Inc.,*     vi.
477 U.S. 242; 106 S. Ct. 2505, (1986)

*See Burton v. City of Belle Glade,*     vi, 9
178 F.3d 1175, (11th Cir. 1999)

*Celotex Corp. v. Catret,*     iv.
477 U.S. 317; 106 S. Ct. 2548,(1986)

*Christiansburg Garment Co. v. EEOC,*     7
434 U.S. 412, (1978)

*Citibank South Dakota, N.A. v Dougherty (In Re Dougherty),*     10
84 B.R. 653, (9th Cir. B.A.P. 1988)

*Citibank (South Dakota), N.A. v. Eashai (In re Eshai),*     11
87 F.3d 1082, at p 1088 (9th Cir. 1996)

*City Bank & Trust Co. v Vann (In Re Vann),*     9
67 F.3d 277, (11th Circuit. 1995)

*City of Delray Beach v. Agricultural Ins. Co.,*     vi.
85 F.3d 1527, (11th Cir. 1996)

*Clemons v. Dougherty County,*     vi, 9
684 F.2d 1365, (11th Cir. 1982)

*Ellingsworth v A.T.&T. Universal Card Services, (In Re Ellington),*     10
212 B.R. 326, (Bankr. W.D. Mo. 1997)

*FDS National Bank v Alam (In Re Alam),*     11
314 B.R. 834, (Bankr. N.D. Ga. 2004)

*Field v. Mans,*     2,5,7,8
516 U.S. 59; 116 S.Ct. 437; 133 L.Ed.2d 351 (1995)

*First National Bank of Mobile v Roddenberry,*     5,7
701 F.2d 927 (11th Cir. 1983)

*Fuller v Johannessen* (*In Re Johannessen*),                1,9
76 F.3d 347, (11th Cir. 1996)

*The GM Card v. Cox (In re Cox),*                            11
182 B.R. 626, (Bankr. D. Mass. 1995)

*Grogan v. Garner,*                                         10
498 U.S. 279 (1991)

*Jankovich v. Bowen,*                                        3
868 F.2d 867, (6th Cir. 1989)

*May v Franklin County Commissioners,*                      vi.
437 F.3d 579, (6th Cir. 2006)

*Libas, Ltd. v. United States,*                              3
314 F.3d 1362, (Fed. Cir. 2003)

*McGuire Oil Co. v. Mapco, Inc.,*                            8
958 F.2d 1552, (11th Cir. 1992)

*In Re Mikolowski,*                                          1
281 B.R. 895, (Bankr. E.D. Mich. 2001)

*Pierce v. Underwood,*                                      vii,3,4
487 U.S. 552 (1988)

*Rembert v AT&T Universal Card Services,( In Re Rembert )*   1,5,7
141 F3d 277, (6th Cir. 1998)

*Robinson v Allstate Insurance Company,*                     9
399 So. 2d 288 (Ala. 1981)

*Scarborough v Principi,*                                    3
541 U.S. 401; 124 S. Ct. 1856 at (2004)

*Sears Roebuck and Co. v. Faulk (In re Faulk),*             10
69 B.R. 743, (Bankr. N.D. Ind. 1986)

*SEC v Bilzerian (In Re Bilzerian),*                         1, 9
153 F.3d 1278, (11th Cir. 1998)

*In re Thomas,*                                              3
258 BR 167 (Bankr. N.D. Ohio. 2001)

ii.

*Wade v Chase Manhattan Mortgage Corporation,*                    9
944 F. Supp. 1369, (N.D. Ala. 1997)

**Statutes:**

11 U.S.C. § 523(a)(2)(A)                                         1, 2,3,4,8,9

11 U.S.C. § 523 (a)(2)(C)(i)(II)                                 7

11 U.S.C. § 523(d)                                              2

28 U.S.C. § 157(I)                                             iv

28 U.S.C. § 158(a)(1)                                          iv

**Rules:**

Fed. R. Civ. P. 56(c)

Federal Rule of Bankruptcy Procedure 8002(a)                   2

## STATEMENT OF APPELLATE JURISDICTION

The United States District Court for the Middle District of Alabama has jurisdiction to decide this appeal. A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1).

Proceedings to determine the dischargeability of particular debts are core proceedings pursuant to 28 U.S.C. § 157(I).

Federal Rule of Bankruptcy Procedure 8002(a) provides:

... A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof.

iv.

## STATEMENT OF ISSUED PRESENTED

DID THE TRIAL COURT ERR IN FINDING THAT
"SUBJECTIVE INTENT" IS NOT A QUESTION OF FACT?

DID THE TRIAL COURT ERR IN FINDING THAT THE FILING
OF THE ADVERSARY PROCEEDING WAS NOT
SUBSTANTIALLY JUSTIFIED?

DID THE TRIAL COURT APPLY THE WRONG STANDARD
FOR JUSTIFIABLE RELIANCE?

DID THE TRIAL COURT ERR IN GRANTING SUMMARY
JUDGMENT IN FAVOR OF THE DEFENDANT?

## STANDARD FOR APPELLATE REVIEW

Whether the Bankruptcy Court correctly granted summary judgment is a matter reviewed *de novo* by the Court. *May v Franklin County Commissioners,* 437 F.3d 579, at p 583, (6th Cir. 2006).

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We "view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion" and "`all reasonable doubts about the facts [are] resolved in favor of the non-movant.'" *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999) (quoting *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982)). As we have explained, "`[t]he mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party].' In determining whether this evidentiary threshold has been met, the trial court `must view the evidence presented through the prism of the substantive evidentiary burden applicable to the particular cause of action before it.'" *City of Delray Beach v. Agricultural Ins. Co.,* 85 F.3d 1527, 1530 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, at pp 252-255, 106 S. Ct. 2505, 2512-14 (1986)). Simply put, "`the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Id. (quoting *Celotex Corp. v. Catret,* 477 U.S. 317, at pp. 322-323, 106 S. Ct. 2548, 2552-53 (1986)).

vi.

The statutory phrase "substantially justified" means justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person. This interpretation of the phrase accords with related uses of the term "substantial," and is equivalent to the "reasonable basis both in law and fact" formulation adopted by the vast majority of Courts of Appeals. *Pierce v. Underwood*, 487 U.S. 552 (1988)

## STATEMENT OF THE CASE

On November 22, 2006, the Debtor Arthur T Flowers filed for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Alabama with case number 06-31560.

On February 12, 2007, FIA Card Services, N.A. commenced an adversary proceeding against Arthur T Flowers to determine the dischargeability of certain debts pursuant to 11 U.S.C. § 523(a)(2)(A). On March 5, 2007, Arthur T Flowers filed and answer and counterclaim in response to the adversary proceeding.

On April 10, 2007 a reply was filed in response to the counterclaim. On June 5, 2007, Arthur T Flowers file a Motion for Summary Judgment. On June 19, 2007, FIA Card Services, N.A. filed its response to the Motion for Summary Judgment. On July 23, 2007, a hearing was held on the Motion for Summary Judgment. On September 26, 2007, the Bankruptcy Court filed a Memorandum Decision and Opinion and entered Judgment granting the Motion for Summary Judgment.

On October 8, 2007, the Notice of Appeal was filed.

viii.

## STATEMENT OF FACTS

On August 16, 2006, 99 days before the entry of the order for relief, Arthur T Flowers, Jr. utilized his FIA Card Services, N.A. credit card to obtain a cash advance in the amount of $ 4,000.00. The cash advance represented 26.29% of Arthur T Flower's income for the year 2006 as set forth in the schedules. After obtaining the cash advance Arthur T Flowers made no payments on the account before the entry of the Order for Relief.

Arthur T Flowers scheduled the debt to FIA Card Services, N.A., which was then known as MBNA America Bank, N.A., for account xxxx-xxxx-xxxx-9921 as undisputed in the amount of $ 22,402.00. Adversary Proceeding 07-03009 was filed to determine the dischargeability of the $ 4,000.00 cash advance obtained by Arthur T Flowers on account xxxx-xxxx-xxxx-9921 as set forth in the complaint.

The affidavit of Arthur T Flowers sets forth that on June 7, 2006, 70 days before obtaining the cash advance, Arthur T Flowers suffered cardiac arrest. Arthur T Flowers also set forth in his affidavit that he was disabled and set forth in the schedules that he was unemployed.

Arthur T Flowers set forth in his schedules that he had a monthly income of $ 2,970.14 and monthly income of $ 2,859.38 which leaves $ 110.76 each month for the payment of unsecured debt totaling $ 64,096.00 as set forth in the schedules. .

Arthur T Flowers set forth in his schedules that he had $ 0.00 cash on hand and that he had $ 767.52 in his checking and savings account when the bankruptcy was filed.

ix.

Arthur T Flowers did not use any equity in real property to pay any portion of the debt because no payments were made on the account after the $ 4,000.00 cash advance was obtained.

x.

## ARGUMENT

**Summary of Argument**

FIA Card Services, N.A. asserts that it was substantially justified in commencing the action under the existing law or the establishment of new law. FIA Card Services, N.A. asserts that the Bankruptcy Court erred in finding that "subjective intent" can be determined as a matter of law rather than as a question of fact.

FIA Card Services, N.A. also asserts that the Bankruptcy Court erred in applying an incorrect standard in deciding the Motion for Summary Judgment and erred in granting Summary Judgment in favor of Arthur T Flowers.

**Argument**

### DID THE TRIAL COURT ERR IN FINDING THAT "SUBJECTIVE INTENT" IS NOT A QUESTION OF FACT?

To prevail in an action under 11 U.S.C. § 523(a)(2)(A), the creditor must prove that 1) that the debtor made false representation to deceive the creditor; 2) that the creditor relied on the misrepresentation; 3) that the reliance was justified; and 4) that the creditor sustained a loss as a result of the misrepresentation. *SEC v Bilzerian* (In Re *Bilzerian*), 153 F.3d 1278, at p 1281, (11th Cir. 1998); *Fuller v Johannessen* (In Re Johannessen), 76 F.3d 347, at p 350, (11th Cir. 1996).

Clearly, debtors have an incentive to make self-serving statements and will rarely admit an intent not to repay. *In Re Rembert,* 141 F.3d 277, at p 282 (6th Cir. 1998). Ultimately, the issue turns upon the Court's determination of the credibility of the debtor's testimony. *In Re Mikolowski,* 281 B.R. 895, at p 899, (Bankr. E.D. Mich. 2001)

11 U.S.C. § 523(a)(2)(A) requires intent, reliance, and materiality. *Field v. Mans,*

1.

516 U.S. 59, at p 68; 116 S.Ct. 437; 133 L.Ed.2d 351 (1995). Summary judgment is

inappropriate when the "inferences which the parties seek to have drawn deal with

questions of motive, intent, and subjective feelings and reactions."); *Alabama Great So.*

*R.R. v. Louisville & Nashville R.R.,* 224 F2d 1, at p 5 (5th Cir 1955).

In this case the Bankruptcy Court made a determination that Arthur T Flowers did

have the subjective intent to repay the debt. However, subjective intent is a material

question of fact in a proceeding under 11 U.S.C. § 523(a)(2)(A), and summary judgment

is not appropriate.

### DID THE TRIAL COURT ERR IN FINDING THAT THE FILING OF THE ADVERSARY PROCEEDING WAS NOT SUBSTANTIALLY JUSTIFIED?

FIA Card Services, N.A. asserts that this issue is preserved for appeal pursuant to

Federal Rule of Bankruptcy Procedure 8002(a) which provides in relevant part:

... A notice of appeal filed after the announcement of a decision or order but

before entry of the judgment, order, or decree shall be treated as filed after such entry and

on the day thereof.

The Order on Attorney's Fees was entered on September 26, 2007. As of October

14, 2007 a Judgment has not yet been entered.

**Substantially Justified:**

Arthur T Flowers has requested an award of attorney fees in this matter.

Section 523(d) provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fees for, the proceeding if the court finds that the position of the creditor was not

2.

substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

The elements needed for an award for costs and fees are that: (1) the creditor filed a dischargeability complaint under §523(a)(2); (2) the complaint concerned a consumer debt; (3) the debt was found dischargeable; (4) the position of the creditor was not substantially justified; and (5) no special circumstances exist to make an award unjust. *In re Thomas, 258 BR 167 (Bankr. N.D. Ohio. 2001)*.

A position is substantially justified when it is "justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person." *Pierce v Underwood*, 487 U.S. 552, at 565(1988). Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and fact." *Id.*

The fact that a plaintiff's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. See *id.* at 569; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).

Indeed, "Congress did not . . . want the substantially justified' standard to be read to raise a presumption that a plaintiff's position was not substantially justified simply because it lost the case. . . .'" *Scarborough v Principi*, 541 U.S. 401, 124 S. Ct. 1856 at 1866 (2004) (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003).

However, in this case FIA Card Services. N.A. 's position was substantially justified because Arthur T Flowers obtained a cash advance in the amount of $ 4,000.00 **after** [emphasis added] he had suffered a heart attack, while he was disabled, and while he was unemployed. In addition, Arthur T Flowers set forth in his schedules that he had a monthly income of $ 2,970.14 and monthly income of $ 2,859.38 which leaves $ 110.76

3.

each month for the payment of unsecured debt totaling $ 64,096.00 as set forth in the schedules.

Arthur T Flowers set forth in his schedules that he had $ 0.00 cash on hand and that he had $ 767.52 in his checking and savings account when the bankruptcy was filed. Arthur T Flowers did not use any equity in real property to pay any portion of the debt because no payments were made on the account after the $ 4,000.00 cash advance was obtained.

The decision to commence an action under 11 U.S.C. § 523(a)(2)(A) begins with an examination of the Statement of Account. In this case we are looking at a rather large cash advance taken 99 days before the entry of the Order for Relief with no payments made on the account during that period.

An examination of Arthur T Flowers financial condition shows that he had only $ 110.76 each month for the payment of unsecured debt totaling $ 64,096.00 as set forth in the schedules. FIA Card Services, N.A. also contends that it was substantially justified in commencing and prosecuting this instant matter.

> A position is substantially justified when it is "justified in substance or in the   main'-that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. Stated otherwise, a position is substantially justified when it has    a "reasonable basis both in law and fact." *Id.*
>
> *Pierce v. Underwood*, 487 U.S. 552 (1988)

To find that FIA Card Services, N.A. was substantially justified in commencing the adversary proceeding the Court must find that a reasonable person would believe that the use of the credit card by the Defendant established under the totality of the circumstances that the Defendant did not possess a subjective intent not to repay the debt.

4.

As the Court noted in *Rembert v AT&T Universal Card Services,* 141 F3d 277 (6th Cir. 1998), a debtor's intention, or lack thereof, must be ascertained by the totality of the circumstances. As the Court noted in *Rembert. supra,* a debtor has an incentive to make self-serving statements and will rarely admit an intent not to repay. At what point can a reasonable person say FIA Card Services, N.A. had a reasonable basis in fact and law to commence the action. It is important to remember that we are concerned with a determination that FIA Card Services, N.A.'s position that the Defendant did not have a subjective intent to repay the debt was substantially justified.

FIA Card Services, N.A. asserts that the use of a credit card is an implied representation to the card issuer that the user has the *intent* to repay the debt being incurred. *Rembert v AT&T Universal Card Services,* 141 F3d 277 (6th Cir. 1998). It is the position FIA Card Services, N.A. that the case of *First National Bank of Mobile v Roddenberry*, 701 F.2d 927 (11th Cir. 1983), was wrongly decided. *First National Bank of Mobile v. Roddenberry, supra*, held that:

[W]e hold that the voluntary assumption of risk on the part of a bank continues until it is clearly shown that the bank unequivocally and unconditionally revoked the right of the cardholder to further possession and use of the card, and until the cardholder is aware of this revocation. A card issue, acting upon it own judgment, may elect to continue to extend credit; it shall be presumed to do so until clear revocation has taken place. Only after such clear revocation has been communicated to the cardholder with further use of the card result in liabilities obtain by "false pretenses or false representations" within the meaning of section 17a(a)'s [now 523(a)(2)(A)] exemption from discharge. It is more than an intentional concealment of insolvency; it is an affirmative misrepresentation that one is entitle to possess and use the card.

However, the holding in *First National Bank of Mobile v. Roddenberry, supra*, is in conflict the *Field v. Mans,* 516 U.S. 59; 116 S.Ct. 437; 133 L.Ed.2d 351 (1995)

The operative terms in 11 U.S.C. § 523(a)(2)(A) of "false pretenses, a false

representation, or actual fraud" are common-law terms which intimate elements the common law has defined them to comprise. *Field v. Mans,* 516 U.S. 59, at p 69; 116 S.Ct. 437, 443, 133 L.Ed.2d 351 (1995). The case of *First National Bank of Mobile v. Roddenberry, supra,* improperly limits the definition established by the Supreme Court.

FIA Card Services, N.A. asserts that *First National Bank of Mobile v. Roddenberry, supra,* is also in conflict with Title 11 of the United States Code. 11 U.S.C. § 523 (a)(2)(C)(i)(II), which provides:

> (II) cash advances aggregating more than $ 750 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable;

FIA Card Services, N.A. does not argue that the cash advance in this case is presumed to be nondischargeable because it was obtained 29 days beyond the presumption period. However, the holding in *First National Bank of Mobile v. Roddenberry, supra,* would void the effect of the presumption as a matter of law.

FIA Card Services, N.A. is also entitled to challenge the holding in *First National Bank of Mobile v. Roddenberry, supra,* because it is in conflict with other circuits. *In Re Rembert,* 141 F.3d 277, at p 282 (6th Cir. 1998). If FIA Card Services, N.A. cannot commence the action without fear of sanctions then it can never take the issue before the 11th Judicial Circuit Court nor seek review by the United States Supreme Court.

A court must "resist the understandable temptation to engage in post hoc reasoning by concluding" that an ultimately unsuccessful "action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421-422 (1978). To support a finding that the commencement of the action was not

7.

substantially justified the Court must find that it is legally unreasonable. See *McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1560, and n. 12 (11th Cir. 1992), but FIA Card Services, N.A. asserts that it was justified in commencing the action.

### DID THE TRIAL COURT APPLY THE WRONG STANDARD FOR JUSTIFIABLE RELIANCE?

The standard for Justifiable Reliance was established in *Field v. Mans,* 516 U.S. 59, at p 71; 116 S.Ct. 437; 133 L.Ed.2d 351 (1995):

> Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than the application of a community standard of conduct in all cases.
> *Field v. Mans, supra,* at p 71

The Court went on to state that it is only where, under the circumstances, the facts should be apparent to one of his knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived. *Field v. Mans, supra,* at p 71.

In the present case there are no facts which would have placed FIA Card Services, N.A. on notice that Arthur T Flowers did not have a present intent not to repay the $ 4,000.00 prior to the time Arthur T Flowers obtained the funds. Therefore, FIA Card Services, N.A. justifiably relied upon Arthur T Flowers representation of repayment.

### DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT?

The operative terms in 11 U.S.C. § 523(a)(2)(A) of "false pretenses, a false representation, or actual fraud" are common-law terms which intimate elements the common law has defined them to comprise. *Field v. Mans,* 516 U.S. 59, at p 69; 116 S.Ct.

8.

437, 443, 133 L.Ed.2d 351 (1995).

To prevail in a claim under 11 U.S.C. § 523(a)(2)(A), a creditor must prove that
(1) the debtor made a false representation with intent to deceive the creditor, (2) the
creditor relied on the representation, (3) the reliance was justified, and (4) the creditor
sustained a loss as a result of the representation. *City Bank & Trust Co. v Vann* (*In Re
Vann*), 67 F.3d 277, at p 281, (11th Circuit. 1995); *SEC v Bilzerian* ( *In Re Bilzerian*),
153 F.3d 1278, at p 1281, (11th Cir. 1998); *Fuller v Johannessen* (*In Re Johannessen*), 76
F.3d 347, at p 350, (11th Cir. 1996).

> Promissory fraud is a
>
> The only basis upon which one may recover for fraud, where
> the alleged fraud is predicated on a promise to perform or
> abstain from some act in the future ... is when the evidence
> shows that, at the time ... the promises of future action or
> abstention were made, the promisor has no intention of
> carrying out the promises, but rather had a present intent to
> deceive.
>
> *Wade v Chase Manhattan Mortgage Corporation*,
> 944 F. Supp. 1369, at p 1378, *N.D. Ala. 1997), citing
> *Robinson v Allstate Insurance Company*,
> 399 So. 2d 288 (Ala. 1981).

The Court must view the evidence and all factual inferences therefrom in the light
most favorable to the party opposing the motion" and "`all reasonable doubts about the
facts [are] resolved in favor of the non-movant.'" *See Burton v. City of Belle Glade*, 178
F.3d 1175, 1187 (11th Cir. 1999) (quoting *Clemons v. Dougherty County*, 684 F.2d 1365,
1368-69 (11th Cir. 1982)).

In the present case FIA Card Services, N.A. argues that the evidence before the
Court is sufficient to establish a material question of fact as to whether Arthur T Flowers

made a promise to repay the $ 4,000.00 cash advance and whether or not Arthur T Flowers had no present intention to repay the cash advance when it was obtained.

Some courts have adopted a nonexclusive list of twelve facts to consider when determining whether a debtor intended to repay the debt. *Ellingsworth v A.T.&T. Universal Card Services, (In Re Ellington)*, 212 B.R. 326, at pp 334-335 (Bankr. W.D. Mo. 1997); *Citibank South Dakota, N.A. v Dougherty (In Re Dougherty)*, 84 B.R. 653, at p 657, (9th Cir. B.A.P. 1988).

These factors are: (1) the length of time between the charges made and the filing of bankruptcy; (2) whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made; (3) the number of charges made; (4) the amount of the charges; (5) the financial condition of the debtor at the time the charges are made; (6) whether the charges were above the credit limit of the account; (7) whether the debtor made multiple charges on the same day; (8) whether or not the debtor was employed; (9) the debtor's prospects for employment; (10) financial sophistication of the debtor; (11) whether there was a sudden change in the debtor's buying habits; and (12) whether the purchases were made for luxuries or necessities. *Citibank South Dakota, N.A. v. Dougherty (In re Dougherty),* 84 B.R. 653, 657 (9th Cir. B.A.P. 1988) (citing *Sears Roebuck and Co. v. Faulk (In re Faulk),* 69 B.R. 743, 757 (Bankr. N.D. Ind. 1986)), abrogated on other grounds, *Grogan v. Garner,* 498 U.S. 279 (1991).

The Ninth Circuit, which decided *Dougherty, supra,* has recognized that the twelve-factor test has "been criticized because it does not consider all the common law elements of fraud, particularly misrepresentation and reliance." *Citibank (South Dakota),*

10.

*N.A. v. Eashai (In re Eshai),* 87 F.3d 1082, at p 1088 (9th Cir. 1996) (citing *The GM Card v. Cox (In re Cox),* 182 B.R. 626, 637 (Bankr. D. Mass. 1995)).

This Court has previously held:

> Although a number of objective facts and circumstances may be relevant to determination of this intent, the ultimate factual issue is the debtor's subjective intent not to pay. This factual issue cannot be determined by a formulaic use of objective criterion and, critically, is quite distinct from the question of ability to pay.

*FDS National Bank v Alam (In Re Alam),* 314 B.R. 834, at p 841 (Bankr. N.D. Ga. 2004)

FIA Card Services, N.A. asserts that subjective intent is a question of fact and is not appropriate for Summary Judgment.

**CONCLUSION**

For the foregoing reasons FIA Card Services, N.A. asserts that it was substantially justified in commencing the action and that the matter should be remanded to the Bankruptcy Court for trial.

Dated: November 26, 2007    /s/ Barry A Friedman
Barry Friedman & Associates
Attorney for Appellant FIA Card Services, N.A.
257 St. Anthony Street
Mobile, Alabama 36652
(251) 432-2660
bky@bafmobile.com

11.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# MONTGOMERY DIVISION

IN RE:

     ARTHUR T FLOWERS, JR.           CASE NO. 2:07-CV-0091-MHT
     Debtor,

                                             JUDGE MYRON H THOMPSON

FIA CARD SERVICES, N.A
     Plaintiff-Appellant

     Vs.

ARTHUR T FLOWERS, JR.
     Defendant-Appellee

## CERTIFICATE OF SERVICE

        I hereby certify that on November 26, 2007, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

W Gail Donaldson, Attorney for Defendant-Appellee

and I hereby certify that I mailed by United States Postal Service the Paper(s) to the following non-ECF participants:

Dated: November 26, 2007    /s/ Barry A Friedman
                                Barry Friedman & Associates
                                Attorney for Appellant FIA Card Services, N.A.
                                257 St. Anthony Street
                                Mobile, Alabama 36652
                                (251) 432-2660
                                bky@bafmobile.com

                                  9