# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

FIA CARD SERVICES, N.A.    )
    )
Appellant,    )    Civil Action No. 2:07-CV-00971-MHT
    )
    )
ARTHUR T. FLOWERS, JR.,    )
Appellee.    )
    )

Appeal from the United States Bankruptcy Court
For the Middle District of Alabama, Northern Division
Case No. 06-31560
Adversary Proceeding No. 07-03009

## BRIEF AND ARGUMENT OF APPELLEE ARTHUR T. FLOWERS, JR.

**Gail H. Donaldson**
**Bradford W. Botes**
**Attorneys for Appellee**
**Bond, Botes, Shinn & Donaldson, P.C.**
**400 South Union Street, Suite 230**
**Montgomery, Alabama 36104**
**(334) 264-3363**
GDonaldson@bondnbotes.com
BBotes@bondnbotes.com

C-1

**<u>CERTIFICATE OF INTERESTED PERSONS</u>**

<u>FIA Card Services v. Flowers</u>

<u>Civil Action No.: 2:07-CV-00971-MHT</u>

Counsel for Appellee states that the following persons or entities have an interest:

Flowers, Arthur T. Jr., the Appellee

Jacobs, Teresa, Bankruptcy Administrator

Donaldson, Gail H., attorney for Appellee

Botes, Bradford W., attorney for Appellee

Friedman, Barry A., attorney for Appellant

Sawyer, William R., U.S. Bankruptcy Judge

FIA Card Services, Appellant

C-2

## **CERTIFICATE OF COMPLIANCE**

Appellee certifies that this brief complies with the type-volume limitation. Specifically, Appellee's brief contains no more than fifty pages. Appellee identifies the size and style of type utilized in his brief as Times New Roman 12 pt.

C-3

# **TABLE OF CONTENTS**

Certificate of Interested Persons ...................................................................C-1

Certificate of Compliance ..............................................................................C-2

Table of Contents............................................................................................C-3

Table of Citations...........................................................................................C-4

Statement of Appellate Jurisdiction ..................................................................1

Statement of the Issues Presented ......................................................................1

Standard for Appellate Review ..........................................................................1

Statement of the Case.........................................................................................1

Statement of the Facts ........................................................................................1

Summary of the Argument..................................................................................4

Argument ............................................................................................................5

     I.     WAS THE BANKRUPTCY COURT CORRECT IN GRANTING
           SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT?........................5

     II.    WAS THE BANKRUPTCY COURT CORRECT IN FINDING THAT
           THE FILING OF THE ADVERSARY PROCEEDING WAS NOT
           SUBSTANTIALLY JUSTIFIED?........................................................7

Conclusion ........................................................................................................12

Certificate of Service ........................................................................................13

C-4

## TABLE OF CITATIONS

### CASES

*American Express Travel Related Servs. Co. v. Baker (In re Baker)* ...................................8
206 B.R. 507, 509 (Bankr. N.D. Ill. 1997)

*AT & Universal Card Servc. Corp. v. Grayson (In re Grayson)* ...................................9, 10
199 B.R. 397, 402 (Bankr. W.D. Mo. 1996)

*Brinker v. Guiffrida* ....................................................................................................8
798 F.2d 661, 664 (3d Cir. 1986)

*First Card v. Carolan (In re Carolan)* ........................................................................7
204 B.R. 980, 987 (9th Cir. BAP 1996)

*First Nat'l Bank of Lincolnshire v. Cloud (In re Cloud)* ...........................................9,10
107 B.R. 156, 159 (N.D. Ill. 1989)

*First National Bank of Mobile v. Roddenberry* .........................................................5
701 F.2d 927 (11th Cir. 1983)

*Fuller v. Johannessen (In re Johannessen)* ..............................................................4, 5
76 F.3d 347, 350 (11th Cir. 1996)

*Gleason v. Thaw* .........................................................................................................5
236 U.S. 558, 562 (1915)

*Lee v. Lambert (In re Lambert)* .................................................................................5
2006 WL 3742243 (Bankr. M.D. Ala. Dec. 18, 2006)

*In re McCarthy, Sr.* .....................................................................................................7
243 B.R. 203, (1st Cir. 2000)

*See McDonald* .............................................................................................................8
884 F.2d at 1473 (1st Cir. 1989)

*Mercantile Bank of Illinois v. Williamson (In re Williamson)* .......................................9, 11
181 B.R. 403, 408 (Bankr. W.D. Mo. 1995)

*Overly v. Guthrie (In re Guthrie)* ...................................................................................5
265 B.R. 253, 258 (Bankr. M.D. Ala. 2001)

*See Pierce* ....................................................................................................................9, 10
487 U.S. at 564, 108 S.Ct. 2541

*Pierce v. Underwood* ....................................................................................................8
487 U.S. at 565, 108 S.Ct. 2541, 101 L.Ed.2d 490(1988)

*Schweig v. Hunter (In re Hunter)* ................................................................................5
780 F.2d 1577, 1579 (11th Cir. 1986)

*Underwood v. Pierce* ....................................................................................................8
761 F.2d 1342, 1345 46 (9th Cir. 1985)

*In re Williams* ...........................................................................................................7, 8, 10
224 B.R. 529

*Zeitler v. Zeitler (In re Zeitler)* ...................................................................................8
221 B.R. 934, 937 39 (1st Cir. BAP 1998)

## **STATUTES**

11 U.S.C. § 35a(2) ........................................................................................................6

11 U.S.C. § 523(a)(2)(A) ...............................................................................................6

11 U.S.C. § 523(d) .....................................................................................................4, 7

## **OTHER AUTHORITIES**

William L. Norton, Jr., Bankruptcy Law and Practice 2d ...................................................8

## STATEMENT OF APPELLATE JURISDICTION

The appellee is satisfied with the statement of the appellant.

## STATEMENT OF THE ISSUES PRESENTED

I.      WAS THE BANKRUPTCY COURT CORRECT IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT?

II.     WAS THE BANKRUPTCY COURT CORRECT IN FINDING THAT THE FILING OF THE ADVERSARY PROCEEDING WAS NOT SUBSTANTIALLY JUSTIFIED?

## STANDARD FOR APPELLATE REVIEW

The appellee is satisfied with the statement of the appellant.

## STATEMENT OF THE CASE

The appellee is satisfied with the statement of the appellant.

## STATEMENT OF THE FACTS

The appellee agrees with and adopts the finding of facts as set forth by the Bankruptcy Judge in his Memorandum Decision below in which he granted the Motion for Summary Judgment filed by Appellee Arthur T. Flowers, Jr. (hereinafter "Flowers") For this Court's convenience, the Bankruptcy Court's finding of facts are outlined as follows:

1)    [Flowers], the Debtor in the underlying bankruptcy case and the Defendant in [the] Adversary Proceeding [from which this appeal stems], filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on November 22, 2006.

2)    Plaintiff FIA Card Services, Inc. [hereinafter "FIA"] allege[d] that it [was] owed $23,367.49, and of that amount, $4,000.00 was incurred on either August 16 or 17, 2006, which [was] either 97 or 98 days prior to the date of the petition. FIA alleges that the $4,000.00 should be excepted from the debtor's discharge on the basis of fraud. FIA makes no complaint as to the remaining $19,367.49 that it alleges is owed.

3)    Flowers submitted an Affidavit in support of his motion, the contents of which are not disputed by FIA. Flowers states that he had a cardiac arrest on June 7, 2006, and that his heart stopped for a few minutes. Flowers swears that he had always paid his bills on time and that it was always his intention to repay his debts.

4)    Flowers filed Schedules with the Court reporting unsecured debts in the amount of $64,096.00, none of which he reports as owing to Plaintiff FIA Card Services, Inc.

5)    FIA filed an Affidavit of Yasemin Kabacaoglu. Kabacaoglu states that he is a custodian of records for FIA. He does not provide his business address, his title or even indicate whether he is a salaried employee or a contractor of some sort. Kabacaoglu states that the records of FIA indicate that it is owed money by Flowers. FIA does not provide any evidence [as to how] it acquired the indebtedness owed by Flowers, or explain to how it came to be his creditor.

2

6)    FIA did not appear at the meeting of creditors in Flowers bankruptcy case nor did it take his deposition here.

7)    There is no evidence in this Court's record that there was ever any contact between FIA and Flowers.

8)    For purposes of this motion only, the Court will assume that Flowers does in fact owe FIA the amount alleged.

9)    As the evidence does not indicate that any statements were ever made by Flowers to FIA, it follows that he could not have made a false statement.

10)   It is FIA's contention that Flowers nevertheless intended to defraud it, notwithstanding the absence of a statement.

11)   FIA's claim that Flowers intended to defraud it is based solely on the fact that it was not paid.

12)   FIA argues that the Court should draw an inference that fraud is present based upon the fact that a $4,000.00 cash advance was taken on August 16, 2006, which represents 26.29% of Flowers reported income for the year 2006. Having calculated the percentage of Flowers' income and debt with such precision, it should be noted that FIA did not, at any time, ask Flowers what his income actually was, nor did they inquire as to the state of his health.

13)   Even if one were to presume that the use of a credit card is an implied representation as to the borrowers' intention to pay, under the facts of this case, FIA's total failure to make any effort to inquire into Flowers' personal and financial situation makes any reliance upon this implied representation both unreasonable and unjustified.

## SUMMARY OF THE ARGUMENT

In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) The debtor made false representations with the intent to defraud the creditor; (2) The creditor justifiably relied on the false misrepresentations; and (3) The creditor sustained a loss caused by the debtor's misrepresentations. *Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347, 350 (11th Cir. 1996).

Because no express representation was ever made by Flowers to FIA, it is clear that the first element of fraud claim has not been established. Likewise, FIA has offered absolutely no evidence which would indicate that it relied upon a misrepresentation (or for that matter, any evidence whatsoever). Thus the second element of fraud is missing. Finally, there is no indication that FIA has sustained a loss caused by a misrepresentation of Flowers. Accordingly, the Bankruptcy Court acted properly in granting the Appellee's Motion for Summary Judgment.

Pursuant to 11 U.S.C. §523 (d):

"If a creditor requests a determination of dischargability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court, ***shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee*** for, the proceeding **if** the court finds that the position of the creditor **was not substantially justified**, except that the court shall not award such costs and fees if special circumstances would make the award unjust." (Emphasis added)

By filing an Adversary Proceeding in the Bankruptcy Court, FIA requested a determination of dischargability of a consumer debt. Its position was not substantially justified. This is evidenced, in part, by the fact that it failed to seek or submit any evidence to support its request. The debt was determined dischargeable. Thus, absent a finding of "special

circumstances", the Bankruptcy Court was correct in finding that the Adversary Proceeding was not substantially justified and in awarding costs and fees.

## **ARGUMENT**

### WAS THE BANKRUPTCY COURT CORRECT IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT?

"In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) The debtor made false representations with the intent to defraud the creditor; (2) The creditor justifiably relied on the false misrepresentations; and (3) The creditor sustained a loss caused by the debtor's misrepresentations. *Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347, 350 (11th Cir. 1996); see also, *Overly v. Guthrie (In re Guthrie)*, 265 B.R. 253, 258 (Bankr. M.D. Ala. 2001); *Lee v. Lambert (In re Lambert)*, 2006 WL 3742243 (Bankr. M.D. Ala. Dec. 18, 2006). Further, exceptions to discharge are to be strictly construed against the creditor. See *Gleason v. Thaw*, 236 U.S. 558, 562 (1915); *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986).

Because no express representation was ever made by Flowers to FIA, it is clear that the first element of fraud claim has not been established. Likewise, FIA has offered absolutely no evidence which would indicate that it relied upon a misrepresentation (or for that matter, any evidence whatsoever). Thus the second element of fraud is missing. Finally, there is no indication that FIA has sustained a loss caused by a misrepresentation of Flowers. Accordingly, the Bankruptcy Court acted properly in granting the Appellee's Motion for Summary Judgment.

The Bankruptcy Court properly looked to the decision of the United States Court of Appeals holding in *First National Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir. 1983) for direction. "While Roddenberry was decided under the Bankruptcy Act, rather than the

Bankruptcy Code, its holding is still binding on lower courts as section 17a of the Act is nearly identical to section 523(a)(2)(A) of the existing Bankruptcy Code." Section 17a [Bankruptcy Act of 1898] provide[d] that "[a] discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations." 11 U.S.C. § 35a(2) (repealed 1978). Section 523(a)(2)(A) [Bankruptcy Code of 1978] excepts from discharge those debts "for money, property, services, or an extension, renewal, or refinancing of creditor to the extent obtained, by– (A) false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

The Bankruptcy Court quoted from *Roddenberry* which reads as follows :

> [W]e hold that the voluntary assumption of risk on the part of a bank continues until it is clearly shown that the bank unequivocally and unconditionally revoked the right of the cardholder to further possession and use of the card, and until the cardholder is aware of this revocation. A card issuer, acting upon its own judgment, may elect to continue to extend credit; it shall be presumed to do so until clear revocation has taken place. Only after such clear revocation has been communicated to the cardholder will further use of the card result in liabilities obtained by "false pretenses or false representations" within the meaning of section 17a(2)'s [now 523(a)(2)(A)] exemption from discharge. Purchases made with knowledge that one is not entitled to either use or possession constitute the type of deception intended to be exempted from discharge. It is more than an intentional concealment of insolvency; it is an affirmative misrepresentation that one is entitled to possess and use the card.

Id. at 932.

FIA never acted to revoke the use of its card by Flowers. It thus failed to establish a factual basis to support its claim of nondischargeability pursuant to the standard set forth by the Eleventh Circuit in *Roddenberry*.

In fact, FIA has presented absolutely no evidence of fraud. It never attempted to obtain any evidence. Based upon this and the above, the Bankruptcy Court was correct in granting summary judgment in favor of Flowers.

## WAS THE BANKRUPTCY COURT CORRECT IN FINDING THAT THE FILING OF THE ADVERSARY PROCEEDING WAS NOT SUBSTANTIALLY JUSTIFIED?

Pursuant to 11 U.S.C. §523 (d):

> "If a creditor requests a determination of dischargability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court, ___**shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee**___ for, the proceeding if the court finds that the position of the creditor ___**was not substantially justified**___, except that the court shall not award such costs and fees if special circumstances would make the award unjust." (Emphasis added)

The following is an excerpt from the case of *In re McCarthy, Sr.*, 243 B.R. 203, (1st Cir. 2000), which is provided to supply this court with an overview of substantial justification.

a. "Substantial Justification"

Section 523(d) was enacted to discourage creditors from filing § 523(a)(2) complaints without first carefully reviewing the legal and factual bases for their fraud based nondischargeability claims. See *First Card v. Carolan (In re Carolan)*, 204 B.R. 980, 987 (9th Cir. BAP 1996); accord *In re Williams*, 224 B.R. at 529. Congress was concerned that, absent the meaningful possibility that a successful defending debtor would be awarded his or her fees and costs, unscrupulous or inconsiderate creditors might file iffy actions willy nilly, betting that their financially strapped consumer debtors would settle to avoid defense costs. See In re Williams, 224 B.R. at 529; *In re Carolan*, 204 B.R. at 987. The "substantial justification" standard balances legislative solicitude for the honest debtor's plight against "the risk that imposing the expense of the debtor's attorney's fees and costs on the creditor may chill creditor efforts to have debts that were procured through fraud declared nondischargeable." *In re Carolan*, 204 B.R. at 987. Accord *In re Williams*, 224 B.R. at 529- 30.

Section 523(d) makes a fees award a meaningful possibility for successful debtor/defendants. If the debtor prevails, the court "shall" enter judgment for the debtor for fees and costs if it finds that the creditor's action was not "substantially justified," unless special circumstances would make the award unjust.

The contours of "substantial justification" are inexact. The notion's application will necessarily be case specific. Pierce and its bankruptcy progeny provide that if the debtor prevails against a § 523(a)(2) complaint the creditor must demonstrate that its complaint was, despite its failure, "justified to a degree that could satisfy a reasonable person", *Pierce v. Underwood*, 487 U.S. at 565, 108 S.Ct. 2541, 101 L.Ed.2d 490(1988)(under the EAJA, the meaning "most naturally conveyed by the phrase ["substantially justified"] is not 'justified to a high degree,' but rather 'justified in substance or in the main' "), or, as alternatively phrased by the Pierce, justified "for the most part." Id. at 566 n. 2., 108 S.Ct. 2541

See *McDonald*, 884 F.2d at 1473 (1st Cir.1989) (under EAJA, government must demonstrate substantial justification). It would make no sense to assign the debtor, having just prevailed against the creditor's complaint, the task of demonstrating a lack of substantial justification for the action. Demonstration of "special circumstances" that would block a fee award in the face of a court's finding that the complaint was not substantially justified is a matter appropriately left to the creditor, as well.

Some courts correctly consider that § 523(d)'s "substantial justification" inquiry, like that under the EAJA, calls for a "totality of the circumstances" review. See In re Williams, 224 B.R. at 531 (describing a totality of the circumstances approach as consistent with an abuse of discretion review); *Underwood v. Pierce*, 761 F.2d 1342, 1345 46 (9th Cir.1985) (applying a definition of "substantial justice (approved of and affirmed by the Supreme Court in Pierce) in reviewing an EAJA fee claim by considering 'the totality of the circumstances present prior to and during litigation,' " following Ninth Circuit precedent).

Many courts have pursued the inquiry by asking whether the action had: "(1) a reasonable basis in truth for the facts alleged, (2) a reasonable basis in law for the theory propounded, and (3) a reasonable support in the facts alleged for the legal theory advanced." *Brinker v. Guiffrida*, 798 F.2d 661, 664 (3d Cir.1986) (EAJA determination). Accord *American Express Travel Related Servs. Co. v. Baker (In re Baker)*, 206 B.R. 507, 509 (Bankr.N.D.Ill.1997) ( § 523(d) determination with same three factors in different sequence); see also 3 *William L. Norton, Jr., Bankruptcy Law and Practice 2d*, § 47:62 at 47 164 (1997) (citing three part test articulated in *In re Baker*, describing them as required showings by the creditor).

We do not consider the "totality of the circumstances" approach to be meaningfully at odds with the three point inquiry that some courts pursue, see *In re Williams*, 224 B.R. at 531 (the three factors help focus the bankruptcy court's inquiry on the appropriate aspects of the complaint), so long as bankruptcy courts do not let devotion to the three point inquiry blind them to pertinent circumstances presented by the cases before them. A court's attention to them will help to provide a meaningful record for appellate review. See *Zeitler v. Zeitler (In re Zeitler)*, 221 B.R. 934, 937 39 (1st Cir. BAP 1998) (remanding in an abuse of

discretion review of entry of default, counseling reference to the "good cause" factors of Federal Rule of Civil Procedure 55(c) "as "touchstones to be consulted and applied to the unique facts of each case," providing the appellate court with "some record that the judge's action was fairly considered in light of the pertinent principles.""); see also *Pierce*, 487 U.S. at 564, 108 S.Ct. 2541 (the term "substantial justice" used by Congress in EAJA is subject to differing interpretations and, while it is "[in]appropriate to substitute for the formula that Congress has adopted any judicially crafted revision of it," there is "an obvious need to elaborate on the meaning of the phrase").

 Section 523(d)'s directive that the court "shall" award a successful defendant fees and costs cannot be overcome by a plaintiff's demonstration of pure motive alone. The plaintiff must show that it reviewed its legal position before filing suit to determine if it is substantially justified. See *First Nat'l Bank of Lincolnshire v. Cloud (In re Cloud)*, 107 B.R. 156, 159 (N.D.Ill.1989). It goes without saying that if § 523(d) is to fulfill its purpose, its "substantial justification" provision must set a standard somewhat higher than that set by Federal Rule of Bankruptcy Procedure 9011.

Bankruptcy procedures provide creditors with "ample opportunity" to investigate the merits of § 523(a)(2) claims before commencing an adversary proceeding. *AT & T Universal Card Servs. Corp. v. Grayson (In re Grayson)*, 199 B.R. 397, 402 (Bankr.W.D.Mo.1996) (noting that creditors may make inquiries at the § 341 meeting of creditors and that they may conduct a pre suit examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004). See also *Mercantile Bank of Illinois v. Williamson (In re Williamson)*, 181 B.R. 403, 408 (Bankr.W.D.Mo.1995) (citing the creditor's failure to appear at the § 341 meeting and its failure to undertake a Rule 2004 meeting even after the grant of a 60 day extension in which to object to dischargeability as factors in the court's determination that the complaint was not "substantially justified").

Rule 9011 requires that those signing pleadings certify to the court that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading is not presented for any "improper purpose;" that the claims and defenses it presents are "warranted by existing law" or by a "nonfrivolous argument" that

existing law should be extended, modified, or reversed or that new law should be established; that factual allegations are supported by evidence or are likely to be supported by evidence after discovery; and that denials of factual allegations are warranted by the evidence or "reasonably based on a lack of information or belief." Fed.R.Bankr.P. 9011. See *Pierce*, 487 U.S. at 566, 108 S.Ct. 2541 ("To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness.")

The majority of courts correctly recognize that the trial court must assess the creditor's justification for litigation not only at the complaint's filing, but throughout the litigation until judgment is entered. As the Second Circuit's Bankruptcy Appellate Panel has observed:

> "We think it unlikely that Congress intended to permit a creditor to continue to prosecute a proceeding against a debtor with limited resources with impunity after that creditor discovers its cause of action is without merit. A creditor must bring its claim against a debtor in good faith and, likewise, abandon its claim once it learns that the case is not substantially justified. If the creditor continues with its case past the point of substantial justification, it must be made to pay the [d]ebtor's attorneys' fees in defending against the action. Conversely, if a creditor's pretrial investigation and discovery show that its claim against the debtor is not substantially justified and withdraws its claim, it should not be required to pay attorneys' fees to the debtor." *In re Williams*, 224 B.R. at 530 (collecting cases in support of its holding that "the creditor must be substantially justified at all times through trial to be insulated from paying attorney fees under § 523(d)").

"The plaintiff must show that it reviewed its legal position before filing suit to determine if it is substantially justified." *First Nat'l Bank of Lincolnshire v. Cloud (In re Cloud)*, 107 B.R. 156, 159 (N.D.Ill.1989). In the case before the Court, FIA did not attend the 341 hearing, nor did it request a 2004 examination before filing its complaint against Flowers. Bankruptcy procedures provide creditors with "ample opportunity" to investigate the merits of § 523(a)(2) claims before commencing an adversary proceeding. *AT & T Universal Card Servs. Corp. v. Grayson (In re Grayson)*, 199 B.R. 397, 402 (Bankr.W.D.Mo.1996) (noting that creditors may make inquiries at

the § 341 meeting of creditors and that they may conduct a pre suit examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004). See also *Mercantile Bank of Illinois v. Williamson (In re Williamson)*, 181 B.R. 403, 408 (Bankr.W.D.Mo.1995) (citing the creditor's failure to appear at the § 341 meeting and its failure to undertake a Rule 2004 examination even after the grant of a 60 day extension in which to object to dischargability as factors in the court's determination that the complaint was not "substantially justified"). FIA not only failed to submit any evidence in support of its complaint against Flowers, it failed to even seek same.

Based upon this and the supporting authority above, Flowers maintains that the Bankruptcy Court was correct in finding that the filing of the Adversary Proceeding by FIA was not substantially justified.

## <u>CONCLUSION</u>

Based upon the above, the Appellee requests that this Honorable Court make a finding affirming the Bankruptcy Court in granting summary judgment in his favor and that FIA did not have substantial justification for filing the Adversary Proceeding. Appellee also requests that this Court Order the Appellant to pay Appellee's costs and reasonable attorney fees incurred as a result of this appeal.

Respectfully submitted,

<u>/s/ Gail Donaldson</u>
Gail Donaldson
Bradford W. Botes
Bond, Botes, Shinn & Donaldson, P.C.
Attorneys for the Defendant/Debtor
Arthur T. Flowers, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 14TH day of December, 2007, served a copy of the foregoing Appellee Brief on Barry Friedman, Barry Friedman & Associates, 257 St. Anthony Street, P.O. Box 2394, Mobile, AL 36652, Attorney for FIA Card Services, N.A. by United States mail and, by mailing the same by United States mail properly addressed and First Class Postage prepaid.

/s/ Gail Donaldson
Gail Donaldson
Attorney for Plaintiff
400 South Union Street
Suite 230
Montgomery, AL 36104
Phone (334) 264-3363
fax (334) 264-3340
GDonaldson@bondnbotes.com
