# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# MONTGOMERY DIVISION

IN RE:

    ARTHUR T FLOWERS, JR.           CASE NO. 2:07-CV-971-MHT
    Debtor,

                                          JUDGE MYRON H THOMPSON


FIA CARD SERVICES, N.A
    Plaintiff-Appellant

Vs.

ARTHUR T FLOWERS, JR.
    Defendant-Appellee


**REPLY BRIEF OF DEFENDANT-APPELLANT FIA CARD SERVICES, N.A.**

        Appeal from the United States Bankruptcy Court
        for the Middle District of Alabama
            Case No. 06-31560
            Adversary Proceeding Number 07-03009

                Barry A Friedman
                Barry Friedman & Associates
                Attorney for Appellant FIA Card Services, N.A.
                257 St. Anthony Street
                Mobile, Alabama 36652
                (251) 432-2660
                bky@bafmobile.com

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| Table of Cases | i |
| Summary of Argument | 1 |
| Argument | 1-4 |
| Does FIA Card Services, N.A. have the right to challenge a ruling by the United States Court of Appeals for the 11th Judicial Circuit? | 1-3 |
| Is an examination of the Debtor pursuant to Federal Rule of Bankruptcy Procedure required? | 3-4 |
| Conclusion | 4 |
| Certificate of Service | 5 |

# TABLE OF CASES

*Field v. Mans*,     1,2,3
516 U.S. 59; 116 S.Ct. 437; 133 L.Ed.2d 351 (1995)

*First National Bank of Mobile v Roddenberry*,     1,2,3
701 F.2d 927 (11th Cir. 1983)

*In Re Mikolowski*,     4
281 B.R. 895, (Bankr. E.D. Mich. 2001)

*Rembert v AT&T Universal Card Services, ( In Re Rembert )*     3
141 F3d 277, (6th Cir. 1998)

*Wade v Chase Manhattan Mortgage Corporation*,     2
944 F. Supp. 1369, (N.D. Ala. 1997)

**Statutes:**

11 U.S.C. § 523(a)(2)(A)     1, 2,3,4,8,9

**Rules:**

Federal Rule of Bankruptcy Procedure 2004     2

# ARGUMENT

**Summary of Argument**

FIA Card Services, N.A. asserts that *First National Bank of Mobile v Roddenberry*, 701 F.2d 927 (11th Cir. 1983) is in conflict with *Field v. Mans,* 516 U.S. 59; 116 S.Ct. 437; 133 L.Ed.2d 351 (1995) and that it has the right to have the conflict examined by the United States Court of Appeals for the 11th Judicial Circuit.

Second, FIA Card Services, N.A. asserts an examination of the Debtor pursuant to Federal Rule of Bankruptcy Procedure 2004 would not have yielded any information which would have dissuaded FIA Card Services, N.A. from commencing the action.

**Argument**

**Does FIA Card Services, N.A. have the right to challenge a ruling by the United States Court of Appeals for the 11th Judicial Circuit?**

As cited in the Appellee's brief, *First National Bank of Mobile v Roddenberry*, 701 F.2d 927 (11th Cir. 1983), the cases holds:

> ... Only after such clear revocation has been communicated to the cardholder will further use of the card result in liabilities obtained by "false pretenses or false representations" within the meaning of section 17(a)'s [now 523(a)(2)(A) exemption from discharge.

*First National Bank of Mobile v Roddenberry, supra,* at p 932

However, in *Field v. Mans,* 516 U.S. 59; 116 S.Ct. 437; 133 L.Ed.2d 351 (1995), the Supreme Court takes a different view of what is meant by "false pretenses or false representations". The operative terms in 11 U.S.C. § 523(a)(2)(A) of "false pretenses, a false representation, or actual fraud" are common-law terms which intimate elements the common law has defined them to comprise. *Field v. Mans,* 516 U.S. 59, at p 69; 116

1.

S.Ct. 437, 443, 133 L.Ed.2d 351 (1995). The case of *First National Bank of Mobile v. Roddenberry, supra,* improperly limits the definition established by the Supreme Court and is in conflict with the Supreme Court's decision.

Promissory fraud:

> The only basis upon which one may recover for fraud, where the alleged fraud is predicated on a promise to perform or abstain from some act in the future ... is when the evidence shows that, at the time ... the promises of future action or abstention were made, the promisor has no intention of carrying out the promises, but rather had a present intent to deceive.
>
> *Wade v Chase Manhattan Mortgage Corporation,*
> 944 F. Supp. 1369, at p 1378, *N.D. Ala. 1997), citing
> *Robinson v Allstate Insurance Company,*
> 399 So. 2d 288 (Ala. 1981).

It seems difficult to argue that when a debtor obtains credit through the use of a credit card that there is not an express representation that the debtor will repay the debt. The true question is whether the debtor obtained the extension of credit without a present intent to repay the debt. The intent of the debtor is determined by the totality of the circumstances.

*First National Bank of Mobile v. Roddenberry, supra,* is also in conflict with Title 11 of the United States Code. 11 U.S.C. § 523 (a)(2)(C)(i)(II), which provides a presumption of nondischargeability and does not require that the lender revoke the credit card before the presumption applies.

The presumption finds that cash advances aggregating more than $ 750.00 that are extensions of consumer credit under an open end credit plan obtained by an individual

2.

debtor on or within 70 days before the order for relief under Title 11 are presumed to be

nondischargeable. *First National Bank of Mobile v. Roddenberry, supra*, would seem to require that a case which is presumed to be nondischargeable would have to be dismissed if the credit card was not revoked. Such a conflict must be resolved.

*First National Bank of Mobile v. Roddenberry, supra*, also seems to be in conflict with the standard for Justifiable Reliance. The standard for Justifiable Reliance was established in *Field v. Mans*, 516 U.S. 59, at p 71; 116 S.Ct. 437; 133 L.Ed.2d 351 (1995):

> Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than the application of a community standard of conduct in all cases.
> *Field v. Mans, supra,* at p 71

The Court went on to state that it is only where, under the circumstances, the facts should be apparent to one of his knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived. *Field v. Mans, supra,* at p 71.

*First National Bank of Mobile v. Roddenberry, supra*, would require that the credit card issuer have warning that it was being deceived, which would be the basis for revoking the credit card, but then the credit card issuer would not be able to establish justifiable reliance because it had the warning and revoked the card.

**Is an examination of the Debtor pursuant to Federal Rule of Bankruptcy Procedure required?**

Clearly, debtors have an incentive to make self-serving statements and will rarely admit an intent not to repay. *In Re Rembert*, 141 F.3d 277, at p 282 (6th Cir. 1998).

3.

Ultimately, the issue turns upon the Court's determination of the credibility of the

debtor's testimony. *In Re Mikolowski,* 281 B.R. 895, at p 899, (Bankr. E.D. Mich. 2001)

If FIA Card Services. N.A. had conducted a Rule 2004 examination of Arthur T Flowers it would have discovered that he obtained the cash advance in the amount of $ 4,000.00 **after** he had suffered a heart attack, while he was disabled, and while he was unemployed. Since these facts seem to support an inference that the Debtor obtained the cash advance without a present intension to repay the debt it does not seem that the examination would have done anything but strengthen the argument for filing the case.

**CONCLUSION**

For the foregoing reasons FIA Card Services, N.A. asserts that it was substantially justified in commencing the action.

Dated: December 21, 2007   /s/ Barry A Friedman
Barry Friedman & Associates
Attorney for Appellant FIA Card Services, N.A.
257 St. Anthony Street
Mobile, Alabama 36652
(251) 432-2660
bky@bafmobile.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

IN RE:
    ARTHUR T FLOWERS, JR.          CASE NO. 2:07-CV-971MHT
    Debtor,

                                          JUDGE MYRON H THOMPSON

FIA CARD SERVICES, N.A
    Plaintiff-Appellant

Vs.

ARTHUR T FLOWERS, JR.
    Defendant-Appellee

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2007, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

W Gail Donaldson, Attorney for Defendant-Appellee

and I hereby certify that I mailed by United States Postal Service the Paper(s) to the following non-ECF participants:

Dated: December 21, 2007    /s/ Barry A. Friedman
                                        Barry Friedman & Associates
                                        Attorney for Appellant FIA Card Services, N.A.
                                        257 St. Anthony Street
                                        Mobile, Alabama 36652
                                        (251) 432-2660
                                        bky@bafmobile.com